**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)**

| | | |
|---|---|---|
| **MARYLAND BUILDING INDUSTRY ASSOCIATION, INC., ET AL.** | * | |
| | * | |
| **Plaintiffs,** | * | |
| | * | |
| **V.** | * | |
| | * | **CIVIL NO. 8:25-cv-00113-DLB** |
| **SERENA COLEMAN McILWAIN, IN HER OFFICIAL CAPACITY AS SECRETARY OF THE MARYLAND DEPARTMENT OF THE ENVIRONMENT,** | * | |
| | * | |
| **Defendant.** | * | |
| | * | |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

## <u>DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF</u>

Defendant Serena Coleman McIlwain in her Official Capacity as Secretary of the Maryland Department of the Environment ("Department"), by its undersigned counsel, pursuant to Federal Rule of Civil Procedure 12(b)(6), files this Motion to Dismiss and in support thereof states as follows:

1.      In response to the existential threat of climate change, the Maryland General Assembly enacted the Climate Solutions Now Act of 2022, which in part, directed the Department to promulgate regulations to reduce greenhouse gas emissions from certain large buildings in the State to net-zero by 2040. Md. Code Ann. Envir. §§ 2-1601 and 2-1602 (LexisNexis Supp. 2024). As directed, the Department promulgated its Building

Energy Performance Standards ("Regulation"), codified in Code of Maryland Regulations ("COMAR") 26.28.

2.      Plaintiffs filed this lawsuit against the Department seeking declaratory and injunctive relief under federal law to enjoin the Department's enforcement of the Regulation and declare it expressly preempted by the Energy Policy and Conservation Act, 42 U.S.C. §§ 6201 through 6422 ("EPCA").

3.      Section 6297(c) of EPCA preempts state and local authorities from enacting regulations concerning the energy use or energy efficiency of certain appliances and industrial equipment, which Plaintiffs assert includes the Regulation's restrictions on greenhouse gas emissions from buildings.

4.      As more fully explained in the attached Memorandum of Law, the Regulation does not concern energy use or energy efficiency standards for appliances, and therefore, is not preempted. Because Plaintiffs' First Amended Complaint relies on an incorrect interpretation of EPCA, it should be dismissed for failure to state a claim.

WHEREFORE, the foregoing considered, and for the reasons more fully set forth in the attached Memorandum of Law, Defendant respectfully requests that the above-captioned action against it be dismissed with prejudice.

## **REQUEST FOR HEARING**

Defendant hereby requests a hearing on this motion to dismiss.

Respectfully submitted:

ANTHONY G. BROWN

2

Attorney General of Maryland


/s/ Doris N. Lange
Doris N. Lange
Assistant Attorney General
Federal Bar No.: 19679
Maryland Department of the
Environment
1800 Washington Boulevard, Suite 6048
Baltimore, MD 21230
Phone: 410-537-3038
Fax: 410-538-3943
doris.lange@maryland.gov

Michael F. Strande
Assistant Attorney General
Federal Bar No.: 30039
Maryland Department of the
Environment
1800 Washington Boulevard, Suite 6048
Baltimore, MD 21230
Phone: 410-537-3421
Fax: 410-538-3943
michael.strande@maryland.gov

*Attorneys for Defendant*

## NOTICE OF ELECTRONIC FILING

I hereby certify that on May 5, 2025, a copy of the foregoing Motion to Dismiss Plaintiffs' First Amended Complaint for Declaratory and Injunctive Relief was electronically filed and served on all counsel of record via the Court's CM/ECF system.


/s/ Doris N. Lange
Doris N. Lange

3