**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**(Northern Division)**

| | |
|---|---|
| **MARYLAND BUILDING INDUSTRY** \* | |
| **ASSOCIATION, INC., ET AL.** \* | |
| \* | |
| **Plaintiffs,** \* | |
| \* | |
| **V.** \* | |
| \* | **CIVIL NO. 8:25-cv-00113-DLB** |
| **SERENA COLEMAN McILWAIN,** \* | |
| **IN HER OFFICIAL CAPACITY** \* | |
| **AS SECRETARY OF THE** \* | |
| **MARYLAND DEPARTMENT OF** \* | |
| **THE ENVIRONMENT,** \* | |
| \* | |
| **Defendant.** \* | |
| \* | |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

## NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT

Defendant Serena Coleman McIlwain, in her official capacity as Secretary of the Maryland Department of the Environment ("the Department"), respectfully submits this Notice of Supplemental Authority to advise the Court of two recent decisions: *National Association of Home Builders v. Montgomery County*, No. 8:24-cv-03024-PX (D. Md. Mar. 25, 2026) ("*Montgomery County*") and *National Association of Home Builders v. District of Columbia*, No. 24-cv-02942 (D.D.C. Mar. 26, 2026) ("*District of Columbia*").

In both cases, the courts rejected EPCA preemption claims analogous to those asserted in this matter:

In *Montgomery County*, Plaintiffs argued that EPCA preempted Montgomery County Bill 13-22's all-electric mandate for new construction and major renovations, reasoning that its prohibition of gas appliances unlawfully regulates "energy use." *Montgomery County*, at \*2. The Court disagreed, holding the mandate is not preempted because it does not regulate "energy use" at the "point of use," as those technical terms are defined in EPCA. *Id*. at \*6.

In *District of Columbia*, Plaintiffs challenged D.C.'s "zero-energy" building code amendment requiring certain newly constructed or improved buildings in Washington D.C.

to operate as "zero-energy," meaning they must produce as much energy as they consume. *District of Columbia*, at *3.  The Court rejected the argument that a ban on gas appliances in certain buildings is preempted, because EPCA addresses "energy use" and "energy efficiency" standards, and not whether certain appliances may be used in certain buildings. *Id*. at *1.

These opinions support the arguments the Department presented in Defendant's Memorandum of Law in Support of Defendant's Motion to Dismiss Plaintiffs' First Amended Complaint, ECF 49-1, at 7-9 and 21-25; Defendant's Reply Memorandum, ECF 62, at 1-9.

Respectfully submitted:

ANTHONY G. BROWN
Attorney General of Maryland


*/s/ Kristen M. Summers*
Kristen M. Summers
Assistant Attorney General
Federal Bar No.: 31679
Maryland Department of the
Environment
1800 Washington Boulevard, Suite 6048
Baltimore, MD 21230
Phone: 443-926-0955
Fax: 410-538-3943
kristen.summers@maryland.gov


*/s/ Doris N. Lange*
Doris N. Lange
Assistant Attorney General
Federal Bar No.: 19679
Maryland Department of the
Environment
1800 Washington Boulevard, Suite 6048
Baltimore, MD 21230
Phone: 410-537-3038
Fax: 410-538-3943
doris.lange@maryland.gov

Michael F. Strande
Assistant Attorney General
Federal Bar No.: 30039
Maryland Department of the
Environment
1800 Washington Boulevard, Suite 6048
Baltimore, MD 21230
Phone: 410-537-3421
Fax: 410-538-3943
michael.strande@maryland.gov

*Attorneys for Defendant*

## NOTICE OF ELECTRONIC FILING

I hereby certify that on March 31, 2026, a copy of the foregoing Notice of Supplemental Authority in Support of Defendant's Motion to Dismiss Plaintiffs' First Amended Complaint was electronically filed and served on all counsel of record via the Court's CM/ECF system.

*/s/ Kristen M. Summers*
Kristen M. Summers